# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8078 | **DATE** | 12/9/2010 |
| **CASE TITLE** | Wright vs. Chandler | | |

**DOCKET ENTRY TEXT**

Jermaine Wright, who is currently incarcerated at Dixon Correctional Center, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1). Wright has not filed a response to the motion. Respondent's motion is [ 24] is granted and Wright's petition is dismissed with prejudice. Civil case terminated. *See statement below.*

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

  On December 23, 2002, Wright pleaded guilty in the Circuit Court of Cook County, Illinois to murder and felony possession of a weapon in prison. He was sentenced to consecutive sentences of thirty-seven and four years in prison, respectively, and was advised of his right to appeal. On November 13, 2008, Wright filed a habeas corpus complaint in the Circuit Court of Cook County under 735 Ill. Comp. Stat. 5/10-101, *et seq.*, and simultaneously attempted to withdraw his guilty plea. The petition was dismissed on January 21, 2009. Wright did not appeal. Wright filed a federal habeas corpus petition [#1] on December 31, 2009 under 28 U.S.C. § 2254. He filed an amended petition on February 23, 2010 [#15].

  28 U.S.C. § 2244(d)(1) imposes a one year statute of limitations for filing habeas petitions in federal court. Wright has not argued or demonstrated that any of 28 U.S.C. § 2244(d)(1)(B), (C) or (D) applies in this case. Therefore the court applies 28 U.S.C. § 2244(d)(1)(A), which provides that a petition must be filed no more than one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

  Wright's conviction became final on January 22, 2003, thirty days after he entered his guilty plea and was sentenced. *See* Ill. Sup. Ct. Rule 604(d) (criminal defendant who enters a plea of guilty may not file appeal unless he files motion to withdraw guilty plea and vacate judgment within 30 days of imposition of the sentence); *People* v. *Brooks*, 908 N.E.2d 32, 36–37, 233 Ill. 2d 146, 330 Ill. Dec. 180 (2009); *see also Williams* v. *Acvedo*, No. 07 C 7238, 2008 WL 2561217, at *3 (N.D. Ill. Jun. 24, 2008) (holding that petitioner's judgment became final thirty days after his guilty plea was entered because he did not file a motion to withdraw plea under Rule 604(d)). Wright was therefore required to file his federal petition for habeas corpus by January 22, 2004. *See* Fed. R. Civ. P. 6(a); *United States* v. *Marcello*, 212 F.3d 1005, 1009–10 (7th Cir. 2000); *Beshears* v. *Veach*, No. 07-2134, 2008 WL 427834, at *2 (C.D. Ill. Feb. 13, 2008)

1

| STATEMENT |
|---|

(holding that petition for habeas corpus was time barred as of one year after the last day to file motion to withdraw guilty plea).

There is no indication that the one year statute of limitations should have been tolled due to a pending post-conviction or other collateral review. *See* 28 U.S.C. § 2244(d)(2). Wright's state court petition for habeas corpus was not filed until November 13, 2008, over four years after the statute of limitations for filing his federal petition had run. Thus, state court review of Wright's state petition did not toll the statute of limitations imposed by § 2244(d)(1)(A).[1] *See DeJesus* v. *Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009).

Finally, Wright does not claim that the limitations period should be equitably tolled, and there is no indication that extraordinary circumstances prevented Wright from timely filing his petition. *See Pace* v. *DiGuglielmo*, 544 U.S. 408, 418, 130 S. Ct. 758, 175 L. Ed. 2d 529 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Arrieta* v. *Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006).

Because the statute of limitations expired on January 22, 2004 and the court has not been presented with argument or evidence indicating that the statute of limitation should be tolled, Wright's petition, filed on December 31, 2009, is time-barred.

Since reasonable jurists would not find this court's procedural ruling debatable, *Slac*k v. *McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), this court declines to certify any issues for appeal under 28 U.S.C. § 2253©.

---

1. The certified state of conviction/disposition indicates that Wright filed a notice of appeal on August 19, 2004. The appeal was dismissed on March 9, 2006 by special order. Wright filed a second notice of appeal on October 23, 2007. That appeal was denied on November 2, 2007. On March 10, 2008, Wright filed a third notice of appeal, which was denied on March 28, 2008. Wright filed a fourth notice of appeal on March 6, 2009, which was denied on March 13, 2009. Wright did not file petition for leave to appeal from the Illinois Supreme Court. Wright contends that he petitioned the United States Supreme Court for a writ of certiorari on September 25, 2009, but no record can be found of this petition.